**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RATSNEE KEOVANNA, | No. 07-74098 |
| Petitioner, | Agency No. A098-448-354 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Ratsnee Keovanna, a native and citizen of Laos, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's finding that Keovanna failed to establish the harms she suffered on account of her Seventh Day Adventist religion, including the interrogation by government agents and her pastor's arrest, rose to the level of persecution. *See id.* at 1016-17. Substantial evidence further supports the agency's finding that Keovanna failed to demonstrate a well-founded fear of future harm. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002) (when a petitioner has not established past persecution, the agency may "rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution."). Accordingly, Keovanna's asylum claim fails.

Because Keovanna has not established eligibility for asylum, she necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Keovanna failed to set forth any substantive argument regarding the agency's denial of her CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

07-74098

We reject Keovanna's contention that the IJ failed to properly evaluate her claim and consider the documents she proffered at trial because there is no evidence rebutting the presumption that the IJ reviewed all the relevant evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000).  We also reject Keovanna's conclusory due process claim regarding the BIA's interpretation of applicable asylum requirements.

**PETITION FOR REVIEW DENIED.**